**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

**Mareld Company, Inc.**

    v.

**New England Telephone and Telegraph
Company n/k/a Verizon New England Inc.**

Case No. 16-cv-390-PB
Opinion No. 2018 DNH 240

**ORDER**

The remaining cause of action set for trial in this matter is Mareld's claim for contribution under Section 147-B:10 of the New Hampshire Revised Statutes. Mareld and NET have filed motions to exclude each other's expert reports and testimony pertinent to that claim.

NET seeks to exclude the opening expert report, a portion of the rebuttal report, and the associated testimony of Mareld's expert Manu Sharma on the ground that they are inadmissible under Federal Rule of Evidence 702 and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). <u>See</u> Doc. No. 36. Specifically, NET challenges the admissibility of Mr. Sharma's opinions that (1) NET used or stored PCB-containing capacitors, inductors, transformers, and hydraulic fluids at the site; (2) the pattern of PCB detections is consistent with NET's operations as the source of PCBs; and (3) NET bears the responsibility for any PCB contamination attributable to the

construction of the facility because it provided the building specifications. According to NET, the first and second opinions are the products of unreliable methods and insufficient facts and data, and the third opinion reflects legal conclusions that invade the province of the court and do not assist the factfinder. Additionally, NET argues that portions of Mr. Sharma's rebuttal report improperly introduce new evidence and arguments.

Mareld, in turn, seeks to exclude all expert reports and testimony of NET's expert Dr. James S. Smith as inadmissible under Daubert and Federal Rules of Evidence 702 and 703. See Doc. No 61. Mareld argues that Dr. Smith lacks the requisite qualifications to provide admissible opinions on the source of the PCB contamination. Further, Mareld moves to exclude Dr. Smith's opinions that (1) a sealant applied to the garage floor was the source of the PCB contamination inside the building; (2) dust particles from the PCB-laden sealant migrated outdoors to cause the contamination in the pole yard; and (3) the contamination did not originate from hydraulic equipment, capacitors, transformers, or other equipment that NET utilized or stored at the facility. Mareld attacks these opinions as based on unreliable scientific methods and insufficient facts and data.

As Mareld noted in its opposition to NET's motion, the First Circuit has held that "[a] trial setting normally will provide the best operating environment for the triage which <u>Daubert</u> demands" in light of "the complex factual inquiry" required.  <u>Cortes-Irizarry v. Corporacion Insular De Seguros</u>, 111 F.3d 184, 188 (1st Cir. 1997).  Because it would be most efficient to address the present challenges at trial, I deny the motions without prejudice to the parties renewing their objections at trial.

SO ORDERED.

<u>/s/ Paul Barbadoro</u>
Paul Barbadoro
United States District Judge

December 4, 2018

cc: Terri L. Pastori, Esq.
Beth A. Deragon, Esq.
Jeffrey M. Karp, Esq.
Nathaniel R. Koslof, Esq.
Nicholas M. O'Donnell, Esq.
Kyle M. Noonan, Esq.
Mark B. Rosen, Esq.

3